JEREMIAH LOTHROP *vs.* SIMON W. BAILEY & another.

An oral announcement by a magistrate of his decision not to administer the poor debtors' oath to one who has been arrested on execution and examined before him, will not authorize the debtor to depart from the presence of the magistrate before the refusal to administer the oath has been indorsed upon the execution; and such departure will be a breach of the condition of the recognizance.

CONTRACT on a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that the defendant Bailey, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

The following facts were agreed in the superior court: In due time the debtor gave notice to appear before the magistrate, and appeared and submitted to an examination. The examination was closed, signed and sworn to, and the debtor's attorney then asked the magistrate if the oath would be refused. The magistrate replied that, if the facts were as stated by the attorney for the creditor, he should refuse it. The attorney for the debtor said the facts were as stated, and again asked the magistrate if he should refuse the oath; to which the magistrate replied, " How can I administer it on those facts ? " The creditor's attorney then left the room, and went to obtain an officer to commit the defendant. The execution was in the hands of the magistrate, and he thereupon proceeded to make the usual certificate of his refusal to administer the oath. The attorney for the debtor then asked the magistrate, " What can we do now ? " and the magistrate replied, " You are counsel, and I cannot give you any advice; you must do what you think proper," or words to that effect. The debtor with his counsel left the place of hearing, before the magistrate had made his certificate of refusal of the oath, and before the appearance of an officer; but, before and when the certificate was completed, the officer was present to complete the service of the execution.

On these facts, judgment was rendered for the plaintiff; and the defendants appealed to this court.

*H. L. Hazelton,* for the defendants, cited *Russell* v. *Goodrich,* 8 Allen, 150; *Doane* v. *Bartlett,* 4 Allen, 75; *Peck* v. *Emery,* 1 Allen, 463; *Jacot* v. *Wyatt,* 10 Gray, 236.

*T. F. Nutter,* for the plaintiff.

WELLS, J. By virtue of his recognizance the debtor remains free from the custody or interference of the officer, until the proceedings upon his examination are concluded. If the creditor neglect to have the officer at hand, when that exemption ceases, to take him into custody and commit him, the debtor is under no obligation to seek out the officer, nor to remain for any definite or indefinite time for him to appear. The place of examination is the place where he is entitled to " abide the final order of the magistrate," and deliver himself up; and if he is

unable to do it, by reason of the neglect of the creditor or the officer, he will be discharged from the recognizance. *Jacot* v *Wyatt*, 10 Gray, 236. But the officer cannot act until he is warranted in so doing by the indorsement of the certificate of the magistrate upon the execution. Gen. Sts. *c.* 124, § 26. If therefore the execution is in the hands of the magistrate, and immediately upon his determining to refuse the oath he is proceeding to make the certificate thereof upon the execution, the examination is not so " concluded " as to give the debtor a right to " depart without leave of the magistrate ; " and if the officer is at hand to take the debtor into custody and commit him, as soon as his authority to do so is complete, there is no neglect nor omission on his part nor on the part of the creditor which will excuse the debtor for his failure to abide this final order His departure before the magistrate had completed the certificate, in this case, was premature; and was a breach of his recognizance. Upon the agreed facts therefore the plaintiff is entitled to recover.